IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID R. CLARK AND CHRISTIE C. CLARK, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:18-cv-1147-G-BN |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Wells Fargo's Motion to Dismiss.

**Background**

This action involves the attempted foreclosure of real property located in Heath, Texas (the "Property"). *See* Dkt. No. 1-7. In 1999, Plaintiffs David and Christie Clark ("Plaintiffs") obtained their original loan from Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to purchase the Property. *See id.* In 2004, Plaintiffs obtained a $100,000 home equity loan from Wells Fargo, executed by a Deed of Trust. *See* Dkt. No. 1-7; *see also* Dkt. No. 12. In November 2011, the home equity loan was in default, and Wells Fargo accelerated the note and posted the Property for foreclosure on December

6, 2011. *See* Dkt. No. 17.

On December 5, 2011, Mr. Clark individually filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas, listing both the original loan and home equity loan on the bankruptcy schedules. *See* Dkt. No. 1-7; *see also* Dkt. No. 12. On March 14, 2012, the bankruptcy court granted Mr. Clark a discharge. *See* Dkt. No. 17. Plaintiffs state that the balance on the original loan has been paid up to date and is current. *See* Dkt. No. 1-7. Plaintiffs admit that the home equity line is $42,000 in default and contend that they offered to pay this amount in separate payments, but Wells Fargo refused. *See id.* In March 2018, Plaintiffs received notice of the planned May 2018 foreclosure sale of the Property. *See* Dkt. No. 1-7; *see also* Dkt. No. 11.

Plaintiffs filed suit against Wells Fargo on April 26, 2018 in state court, claiming that Wells Fargo violated the bankruptcy discharge, violated the Texas Debt Collection Practices Act ("TDCA"), and breached the Deed of Trust contract. *See* Dkt. No. 1-7. On April 27, 2018, the state court issued a Temporary Restraining Order enjoining Wells Fargo and its agents from proceeding with the foreclosure. *See* Dkt. No. 1-8. On May 3, 2018, Wells Fargo filed its original answer. *See* Dkt. No. 1-12. On May 4, 2018, Wells Fargo timely removed to federal court based on diversity jurisdiction. *See* Dkt. No. 1.

Wells Fargo has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiffs have failed to state a claim against them and seeking dismissal with prejudice. *See* Dkt. No. 11 (the "MTD"). Plaintiffs timely filed a response

in opposition to Wells Fargo's MTD. *See* Dkt. Nos. 16 *&* 17. And Wells Fargo filed a reply. *See* Dkt. No. 18.

Despite an admitted $42,000 default on the home equity loan, Plaintiffs contend that their indebtedness was discharged by Mr. Clark's bankruptcy and that Wells Fargo thereafter attempted to collect the $42,000 from Plaintiffs. *See* Dkt. No. 1-7. It is the Plaintiffs' belief that, because the underlying debt was discharged, Wells Fargo could only recover the money when the Property was sold and thus was not able to collect or foreclose on the Property. *See id.* As such, Plaintiffs assert that Wells Fargo's alleged attempt to collect the past due amount violated the bankruptcy discharge. *See id.*

Plaintiffs further contend that Wells Fargo's failure to reinstate the home equity loan after the bankruptcy discharge served as an implied agreement to waive the home equity loan. *See id.* Plaintiffs argue that, because the original loan on the Property is current, any attempt to foreclose would be a violation of their rights under the original loan. *Id.* Plaintiffs claim that, if Wells Fargo is permitted to foreclose, Plaintiffs will lose $250,000 of equity in the Property. *See id.*

Plaintiffs seek permanent injunctive relief to preclude foreclosure, actual and exemplary damages, and attorneys' fees. *See id.*

Wells Fargo moves to dismiss with prejudice all Plaintiff's claims against it. *See* Dkt. No. 11. Wells Fargo argues that Plaintiffs' bankruptcy discharge claim fails because their lien arising from the home equity loan survived the bankruptcy

discharge unaffected, where there are no allegations that suggest the home equity loan was avoided or eliminated. *See id.* As to Plaintiffs' TDCA claim, Wells Fargo contends that Plaintiffs do not specify the specific provision of the TDCA that was allegedly violated and that the claim does not state that Plaintiffs suffered any actual damages, as required under the TDCA. *See id.* And Wells Fargo argues that Plaintiffs' breach of contract claim fails because Plaintiffs did not adequately plead that Wells Fargo breached the Deed of Trust and that Plaintiffs suffered damages as a result of the alleged breach. *See id.* Wells Fargo asserts that, because Plaintiffs' bankruptcy discharge, TDCA, and breach of contract claims fail, all of Plaintiffs claims against it should be dismissed with prejudice. *See id.*

Plaintiffs' brief in opposition to the MTD restates the alleged bankruptcy charge violation, but Plaintiffs do not respond to Wells Fargo's MTD regarding the breach of contract claim or violation of the TDCA claim. *See* Dkt. No. 17. Plaintiffs do, however, argue for the first time that Wells Fargo's MTD was not timely filed because Wells Fargo filed its original answer in the state case prior to filing their MTD in federal court.

Plaintiffs also claim for the first time that the statute of limitations has run on Wells Fargo's foreclosure action because the foreclosure was filed over 4 years after the November 2011 home equity loan acceleration. *See id.*

Plaintiffs ask the Court to deny Wells Fargo's MTD and, in the alternative, ask for leave to file an amended complaint.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495

-6-

F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion

under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>The Court may properly consider the Rule 12 motion but not any new claims.</u>

Plaintiffs assert that the MTD is untimely because Wells Fargo filed its answer in state court prior to filing its MTD here. Plaintiffs point to Rule 12, which directs that a motion to dismiss for failure to state a claim must be made before filing a responsive pleading. *See* FED. R. CIV. P. 12(b).

As one court in this circuit has explained, Plaintiffs' argument fails for two reasons:

> First, [Federal] Rule [of Civil Procedure] 81 specifically states "[t]hese rules apply to a civil action *after* it is removed from a state court." FED. R. CIV. P. 81(c) (emphasis added). Rule 12's directions on the timing of filing a motion to dismiss thus did not govern the actions of defendants prior to removal. Second, courts have routinely treated Rule 12(b)(6) motions filed after an answer is filed as a motion for judgment on the pleadings under Rule 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (motion to dismiss for failure to state claim filed after answer was untimely, but was properly construed as motion for judgment on the pleadings); *Joseph v. Patterson*, 795 F.2d 549, 563 (6th Cir. 1986) (noting Rule 12(b)(6) motion filed one year after answer appropriately treated as

-8-

> motion for judgment on the pleadings); *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970) ("a motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one"); *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999) (same, commenting "courts do not mechanically or routinely deny any motion made after a responsive pleading as untimely"); *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993) (same, noting "[n]umerous other courts have arrived at the same judicially efficient answer"). As the Fifth Circuit applies the same standard to a motion under Rule 12(c) as it does for a motion under Rule 12(b)(6), the undersigned will consider the motion to dismiss as asserted under Rule 12(c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (same standard applied to Rule 12(c) motion as to Rule 12(b)(6) motion); *Jones*, 188 F.3d at 324 (same).

*Smith v. Bank of Am. Corp.,* No. A-13-cv-193 LY, 2013 WL 12033215, at *3-*4 (W.D. Tex. May 1, 2013), *rec. adopted*, No. A-13-cv-193-LY, 2013 WL 12033379 (W.D. Tex. Aug. 5, 2013).

Although Plaintiff argues that Wells Fargo waived its Rule 12(b)(6) arguments by not raising them before the state court, Wells Fargo included in its answer the affirmative defense that Plaintiffs fail to state a claim upon which relief can be granted. *See* Dkt. No. 1-7. Even if Wells Fargo had omitted that affirmative defense from its answer, and,

> even if the court assumes *arguendo* that [Wells Fargo] filed a deficient Rule 12(b)(6) motion, this does not preclude [it] from moving under Rule 12(c) for judgment on the pleadings on the basis that [Plaintiffs] ha[ve] failed to state a claim on which relief can be granted. *See* Rule 12(h)(2) (permitting party to raise defense of failure to state a claim by motion for judgment on the pleadings under Rule 12(c)); *see also Fisher v. Dallas Cnty.*, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014) (Fitzwater, C.J.) ("[T]he intent of [Rules 12(g) (2) and (h)(2) ] is to make clear that a party can raise by Rule 12(c) motion the defense of failure to state a claim on which relief can be granted[.]").

*Obazee v. The Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *1 (N.D. Tex. July 31, 2015).

Wells Fargo did not waive the arguments contained in its MTD and may raise them by Rule 12 motion now. The undersigned will consider the MTD as asserted under Rule 12(c), applying the same standard for dismissal as that under Rule 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010); *Saleh v. Time Warner Cable*, No. 3:16-cv-2782-G-BN, 2017 WL 1968366, at *1 (N.D. Tex. Apr. 26, 2017), *rec. adopted*, No. 3:16-cv-2782-G (BN), 2017 WL 1956244 (N.D. Tex. May 11, 2017).

But the Court should not consider Plaintiffs' newly alleged statute of limitations assertion raised, by Plaintiffs' own admission, for the first time in response to the MTD. *See Mohamed for A.M. v. Irving Ind. Sch. Dist.*, 252 F. Supp. 3d 602, 620 n.10 (N.D. Tex. 2017) (citing cases); *accord* Dkt. No. 16 at 2 (noting "the fact that Plaintiffs has now realized that Defendant's actions are barred by the statute of limitations").

II.     Plaintiffs' bankruptcy discharge claim should not be dismissed.

Plaintiffs allege that Wells Fargo's alleged attempt to collect the default payments on the home equity loan violated Mr. Clark's bankruptcy discharge. Plaintiffs also allege that Wells Fargo's failure to reinstate the home equity loan after the bankruptcy discharge constituted an implied waiver in which Wells Fargo forfeited any right to foreclose on the Property.

A discharge voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor. *See* 11 U.S.C. § 524(a)(1). A discharge does not extinguish the debt – rather it removes any *in personam* remedy that the creditor had against the debtor prior to the bankruptcy while leaving in place the remedies debtor has against the property *in rem. See In re Thaw*, 620 F. App'x 304, 307 (5th Cir. 2015). A bankruptcy discharge eliminates only the debtor's personal liability and not the debt itself. *See Stanley v. Trinchard*, 500 F.3d 411, 420 (5th Cir. 2007).

Wells Fargo asserts that Plaintiffs' lien arising from the home equity loan survived the bankruptcy charge unaffected and that the bankruptcy discharge expressly recognized as much. *See* Dkt. No. 11. The Discharge Order – of which the Court may generally take judicial notice, *see In re Base Holdings, LLC*, Nos. 3:13-cv-1584-D & 09-34269-SGJ-7 ADV, 2014 WL 895403, at *1 n.5 (N.D. Tex. Mar. 5, 2014) – states that "a creditor may have the right to enforce a valid lien ... against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." Dkt. No. 12.

Plaintiffs have not pleaded that the lien was avoided or eliminated in the bankruptcy case but have pleaded that the home equity loan was discharged. Wells Fargo may be right that, on the merits, Plaintiffs are wrong. A Rule 12(b)(6) motion tests only the sufficiency of Plaintiffs' allegations – not their truth, which the Court

must accept as to all well-pleaded facts and view them in the light most favorable to Plaintiffs.

The Court should deny the MTD as to Plaintiffs' allegations against Wells Fargo of a bankruptcy discharge violation.

III. <u>Plaintiffs' TDCA claim should be dismissed without prejudice.</u>

Plaintiffs allege that Wells Fargo's "attempt to foreclose on their house at this late date" violates the TDCA, Texas Finance Code § 392.303.

Wells Fargo contends that Plaintiffs' TDCA allegation fails to state a claim because Plaintiffs did not specify which Section 392.303 provision Wells Fargo allegedly violated. Plaintiffs' failure to identify the specific provision warrants dismissal of the TDCA claim. *See Wilson v. Wells Fargo Bank, N.A.*, No. 3:13-cv-2257-O, 2014 WL 815352, at \*7 (N.D. Tex. Mar. 3, 2014) (finding dismissal of Plaintiff's TDCPA claim was warranted where he did not identify the specific provisions of §§ 392.303(a) or 392.304(a) or a "prohibited practice" that the defendant allegedly violated). Plaintiffs merely state a conclusory assertion that Wells Fargo's attempted foreclosure violates Section 392.303, and that is insufficient to put Wells Fargo on fair notice of Plaintiffs' claims and fails on this basis alone.

Presuming that Plaintiffs intend to rely on Section 392.303(a)(2), that subsection prohibits a debt collector from using

> unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

TEX. FIN. CODE § 392.303(a)(2).

To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding that a "claim general assertion of 'wrongful charges' is insufficient to state a claim under Section 392.303(a)(2)"); *Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at *8 (N.D. Tex. Sept. 16, 2014) (granting a motion to dismiss a Section 392.303(a) claim where "Plaintiff fail[ed] to identify any fees or penalties incidental to his loan that Defendant imposed") (citing *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a)(2) is subject to dismissal for failure to state a claim."); *Bircher v. Bank of N.Y. Mellon*, No. 4:12-cv-171-Y, 2012 WL 3245991, at *3 (N.D. Tex. Aug. 9, 2012) (dismissing a Section 392.303(a)(2) claim where the "petition contain[ed] scant factual specificity regarding any misrepresented amounts"); *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (granting a motion to dismiss a Section 392.303(a)(2) claim where "Plaintiffs merely state a conclusory assertion that Defendants imposed wrongful charges on Plaintiffs' mortgage account")).

Plaintiffs have likewise failed to allege sufficient facts to support a Section 392.303(a)(2) claim.

Plaintiffs' TDCA claim against Defendant Wells Fargo should be dismissed without prejudice.

IV. <u>Plaintiffs' breach of contract claim should be dismissed without prejudice.</u>

Plaintiffs allege, as an initial matter, that Wells Fargo's alleged failure to reinstate the loan after the bankruptcy charge constituted an implied waiver. And Plaintiffs argue that Wells Fargo's attempted foreclosure breached the Deed of Trust.

A waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right. *See Obuekwe v. Bank of Am., N.A.*, No. 4:11-cv-762-Y, 2012 WL 1388017, at *5 (N.D. Tex. Apr. 19, 2012). In Texas, the elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) an actual intent to relinquish the right. *See Wigginton v. Bank of New York Mellon*, No. 3:10-cv-2128-G, 2011 WL 2669071, at *4 (N.D. Tex. July 7, 2011), aff'd, 488 F. App'x 868 (5th Cir. 2012). Where waiver is based on inference, the party who is to benefit by a showing of waiver has the burden to produce evidence that the opposing party unequivocally manifested an intent to no longer assert its claim. *See Wiggington*, 2011 WL 2669071, at *4.

But, here, the Deed of Trust expressly included a non-waiver provision stating, among other things, that, "by not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default." Dkt. No. 12. Based on this non-waiver provision, Plaintiffs have not sufficiently alleged that Wells Fargo unequivocally manifested an attempt to no longer assert its claim, and Plaintiffs'

waiver allegation fails to state a claim that Wells Fargo waived its right to accelerate and foreclose on the Property.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). But Plaintiffs simply claim that "attempted posting of their home for foreclosure constitutes a breach of the Deed of Trust." Dkt. No. 1-7. Plaintiffs' breach of contract claim fails to allege the manner in which Wells Fargo breached the Deed of Trust or identify which provision of the Deed of Trust was allegedly breached.

Plaintiffs' breach of contract claim constitutes a general allegation that lacks sufficient factual basis needed to state a plausible claim. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015).

Because Plaintiffs fail to state a claim for breach of the Deed of Trust, the Court should dismiss this claim without prejudice.

V.     Plaintiffs should be allowed to amend their complaint.

In response to the MTD, Plaintiffs state that, "[t]o the extent that Defendant's Motion contends that Plaintiffs' Petition is unclear and the fact that Plaintiff [sic] has now realized that Defendant's actions are barred by the statute of limitations, Plaintiff, alternatively, [sic] to this Court denying Defendant's Motion should be allowed to replead in the form of an Amended Complaint." Dkt. No. 17 at 4.

When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, district courts often afford plaintiffs an opportunity to cure pleading deficiencies, unless it is clear that the defects are incurable or the plaintiffs reveal that they are unwilling or unable to amend in a manner that will avoid dismissal. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, Plaintiffs have not yet amended their original petition, and they might be able – and have asked for a chance – to allege a better case against Wells Fargo. Plaintiffs should therefore be afforded an opportunity to amend their complaint to allege sufficient facts to state a claim.

## Recommendation

For the reasons and to the extent explained above, the Court should grant in part and deny in part Defendant Wells Fargo's Motion to Dismiss [Dkt. No. 11] and dismiss without prejudice Plaintiffs David and Christie Clark's TDCA and breach of contract claims against Wells Fargo. The Court should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint. If Plaintiffs fails to do so, those claims should be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

-16-

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 25, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE