IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID R. CLARK AND CHRISTIE C. CLARK, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | No. 3:18-cv-1147-G-BN |
| WELLS FARGO BANK, N.A., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Senior Judge A. Joe Fish. Dkt. No. 4.

Defendant Wells Fargo Bank, N.A. has filed a motion for summary judgment. *See* Dkt. No. 26. Plaintiffs David R. Clark and Christie C. Clark have filed a response, *see* Dkt. No. 32, and Defendant has filed a reply, *see* Dkt. No. 38.

The undersigned magistrate judge now issues the following findings of fact, conclusions of law, and recommendation that the Court grant the motion.

**Background**

On April 2, 2004, Plaintiffs obtained a home equity line of credit from Defendant. They executed an EquityLine Account Agreement and Disclosure Statement (the "Agreement") and a Deed of Trust (Home Equity) ("Deed of Trust") (collectively, the "Home Equity Loan"). *See* Dkt. No. 28 at 9-20, 22-33. The Deed of Trust granted a

security interest in Plaintiffs' property located at 601 Tatum Place, Heath, Texas (the "Property), to secure repayment of the Agreement.

Plaintiffs defaulted on their obligations under the Home Equity Loan in 2011. *See* Dkt. No. 22 at 2. In their amended complaint, Plaintiffs allege that Defendant sent and they received a notice of intent to accelerate in October 2011 and a notice of acceleration and notice of trustee foreclosure sale in November 2011 setting the sale for December 6, 2011 but that they "no longer have copies of those documents." *Id.* On December 5, 2011, David Clark filed a Chapter 7 bankruptcy to avoid foreclosure. Mr. Clark was discharged from bankruptcy on March 14, 2012. *See id.*

On March 2, 2017, Defendant sent a notice of default to Plaintiffs notifying them that, among other things, the Home Equity Loan was in default for failure to make payments due and that the maturity date of the Home Equity Note would be accelerated if the default was not timely cured. *See* Dkt. No. 28 at 35-38. On August 4, 2017, Defendant's foreclosure counsel sent a notice of default to Plaintiffs notifying them that, among other things, the Home Equity Loan was in default for failure to make payments due and that the maturity date of the Home Equity Note would be accelerated if the default was not timely cured. *See id.* at 46-54. Plaintiffs did not cure the default identified in the March 2017 Notice of Default or August 2017 Notice of Default. *See id.* at 41.

On October 20, 2017, Defendant filed an Expedited Foreclosure Application in the County Court at Law of Rockwall County, Texas. *See id.* at 56-61. On March 6, 2018,

-2-

the Court in the Expedited Foreclose Action entered a Home Equity Foreclosure Order authorizing foreclosure on the Property. *See id.* at 42, 120-21. Defendant has not foreclosed on the Property. *See* Dkt. No. 28 at 6, 42.

On April 26, 2018, Plaintiffs filed suit in the 382nd District Court of Rockwall County, Texas. *See* Dkt. No. 1-7. Defendant removed the suit to this Court on May 4, 2018. *See* Dkt. No. 1.

Plaintiffs filed an amended complaint on December 7, 2018, alleging that the statue of limitations bars Defendant's right to foreclose on the Property because more than four years have passed since the loan was accelerated in 2011. *See* Dkt. No. 22 at ¶¶ 8-11. In their amended complaint, Plaintiffs allege that they fell behind on their payments under the Home Equity Loan in 2011. They further allege that, in October 2011, Defendant sent them a notice of intent to accelerate and in November 11, 2011, Defendant sent them a notice of acceleration and a notice of trustee foreclosure sale scheduled for December 6, 2011, but they no longer have copies of those documents. *See id.* at ¶ 6. Plaintiffs assert claims for breach of contract, quiet title, violation of the Texas Debt Collection Act, and declaratory and injunctive relief. *See id.* at 3-7. All of their claims are based on the allegations that Defendants accelerated the Home Equity Loan on November 11, 2011. *See id.*

Defendant seeks summary judgment and argues that there is no evidence that the Home Equity Loan was accelerated in November 2011, the statute of limitations has not lapsed because the Home Equity Loan was accelerated in October 2017, and it is

-3-

otherwise entitled to summary judgment on each of Plaintiffs' claims. *See* Dkt. No. 27.

In response, Plaintiffs state that "[t]he only dispute regarding the facts in this case is whether or not Defendant accelerated Plaintiffs' Home Equity Line of Credit, the 'note' or 'loan,' in November 2011." Dkt. No. 33 at 1. Plaintiffs submitted the Declaration of David Clark to support their allegation that the Home Equity Loan was accelerated in November 2011. *See* Dkt. No. 34.

In reply, Defendant asserts that Plaintiffs have abandoned their claims for a suit to quiet title, breach of contract, and violations of the TDCA because they failed to respond to the legal arguments raised by Defendant in its summary judgment motion. Defendant also argues that Mr. Clark's Affidavit is not competent summary judgment proof and cannot be used to create a fact issue. *See* Dkt. No. 38.

The undersigned concludes that the motion for summary judgment should be granted.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord*

*Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable

inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which

is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he

must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

Under Texas law, an action for foreclosure of a real property lien must be brought within four years of when the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). After the four-year limitation period expires, the real property lien becomes void and thus may no longer be foreclosed upon. *See id.* § 16.035(d). Where, as here, the note secured by the real property lien is payable in installments, "the four-year limitations period does not begin to run until the maturity date of the last ... installment." *Id.* § 16.035(e). But, if the note contains an option to accelerate payment upon default, "'the action accrues ... when the holder actually exercises its option to accelerate.'" *Alcala v. Deutsche Bank Nat'l Trust Co.*, 684 F. App'x 436, 438 (5th Cir. 2017) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). "Effective acceleration requires two acts: (1) notice of intent to accelerate and

(2) notice of acceleration." *Holy Cross*, 44 S.W.3d at 566. "Both notices must be 'clear and unequivocal.'" *Id.* (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991)).

The Texas Property Code requires that a debtor in default under a deed of trust on real property used as the debtor's residence must be served with written notice by certified mail stating that the debtor is in default under the deed of trust and giving the debtor at least 20 days to cure the default before notice of sale can be given. *See* TEX. PROP. CODE § 51.002(d). A subsequent written notice of acceleration is not required. *See generally* TEX. PROP. CODE § 51.002. Once the requisite notice of intent to accelerate is provided, notice of acceleration may take the form of the filing of a foreclosure action. *See Smither v. Ditech Fin., L.L.C.*, No. 16-20392, 2017 WL 958314, at *4 (5th Cir. Mar. 10, 2017); *Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App. – Dallas 2008 (no pet.) ("Notice of the filing of the April 5, 2000 application for expedited foreclosure constituted notice of acceleration.").

I.  There is no evidence to support Plaintiffs' claims.

Plaintiffs contend the statute of limitations started running in November 2011 when they received a notice of acceleration and notice of a foreclosure sale scheduled for December 6, 2011. To support their claim, they submit the Declaration of David Clark, in which he states that Plaintiffs received notice of acceleration of the Home Equity Loan in November 2011. He further states that he has looked for the notice but cannot find it. *See* Dkt. No. 34 at 3.

Mr. Clark's statement that Plaintiffs received a notice of acceleration in November 2011 is conclusory and unsubstantiated and so cannot create fact issues to defeat a summary judgment. *See First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009); *see also Amie*, 253 F. App'x at 451 (summary assertions or conclusory allegations in a declaration are simply not enough proof to raise a genuine issue of material fact). Likewise, "unnsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

All of Plaintiffs' claims are built on the allegation that they received a notice of acceleration in November 2011, which they claim triggered the running of the four-year statute of limitations. But, without the conclusory and unsubstantiated statement in Mr. Clark's Declaration that they received a notice of acceleration in November 2011, there is no evidence to substantiate the ultimate fact that Plaintiffs must prove to prevail in this case.

II.     <u>The statute of limitations has not lapsed.</u>

Conversely, Defendant's summary judgment evidence conclusively establishes that Defendant did not sent a notice of acceleration to Plaintiffs in November 2011, but rather the Home Equity Loan was accelerated on October 27, 2017, when Defendant filed its Expedited Foreclosure Action.

According to Defendant's summary judgment evidence, neither Defendant nor its

foreclosure counsel accelerated the Home Equity Loan in November 2011 and neither sent a notice of acceleration of the Home Equity Loan to Plaintiffs in November 2011. *See* Dkt. No. 28 at 6 (Declaration of Richard L. Penno, Defendant's Vice President of Loan Documentation); 41 (Declaration of Robert D. Forster, II of Barrett Daffin Frappier Turner & Engel, L.L.P., Defendant's foreclosure counsel).

On March 2, 2017 and August 4, 2017, Defendant and its foreclosure counsel, respectively, sent Plaintiffs notices of default notifying them that, among other things, the Home Equity Loan was in default for failure to make payments due and that the Home Equity Loan would be accelerated if the default was not timely cured. *See* Dkt. No. 28 at 6, 35-38, 41, 45-54. The default was not cured and Defendant filed an Expedited Foreclosure Action on October 20, 2017. *See id.* at 42, 120-21. The filing of the Expedited Foreclosure Action constituted acceleration of the Home Equity Loan as a matter of law. *See Smither*, 2017 WL 958314, at *4. Consequently, the statute of limitations to foreclose has not lapsed and will not lapse until October 20, 2021.

III. <u>Defendant is otherwise entitled to summary judgment on the merits of Plaintiffs' claims.</u>

   A. <u>Defendant is entitled to summary judgment on the quiet title claim.</u>

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman v. Bayview Loan Servicing, L.L.C.*, 727 F. App'x 787, 790 (5th Cir. 2018) (citing Ellis v. Waldrop, 656 S.W.2d 902, 905 (Tex. 1983)).

To quiet title in his favor, a plaintiff "must allege right, title, or ownership

> in himself ... with sufficient certainty to enable the court to see he ... has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.,* 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (unpublished) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied) ). Importantly, the plaintiff in a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

*Id.* at 790-91. "Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat'l Ass'n,* 783 F.3d 1022, 1026 (5th Cir. 2015).

The sole basis for Plaintiff's quiet title claim is the assertion that the Deed of Trust is a cloud upon Plaintiffs' title to the Property and that Defendant "is barred from taking any action on the promissory note or deed of trust as a result of the statute of limitations." Dkt. No. 22 at 3-4. As discussed above, Plaintiffs have no evidence that the Deed of Trust is invalid, which is a required element of their quiet title claim, because there is no evidence that Defendant sent Plaintiffs a notice of acceleration in November

2011. Instead, the summary judgment evidence establishes that Defendant exercised its option to accelerate when it filed the Expedited Foreclosure Action on October 20, 2017. Thus, the statute of limitations to foreclose has not lapsed, and the power of sale in the Deed of Trust is valid.

And Plaintiffs are attempting to rely on the alleged weakness of Defendant's title to the Property, but, because they fail to show that the statute of limitations has run, they are unable to prove a quiet title claim.

### B.     Defendant is entitled to summary judgment on the TDCA claim.

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt. See TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See id*. §§ 392.001 *et. seq*.

To maintain an action for actual damages under the TDCA, a plaintiff must plead and prove actual damages. *See Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 31 (Tex. App. – Tyler 2000, pet. denied) ("Because [the plaintiff] did not prove that any actual damages were caused by [the defendant]'s debt collection practices, she did not successfully maintain an action under the Act."); *see also Lopez-Garcia v. Deutsche Bank*

*Nat'l Trust Co. for Argent Sec. Inc.*, 2017 WL 2869430, at *4 (W.D. Tex. July 5, 2017) (granting summary judgment on the plaintiff's TDCA claim because "plaintiff ... has presented no evidence of the actual damages upon which recovery under the TDCA must be based"); *Wood v. CitiMortgage, Inc.*, No. 4:11-cv-139, 2012 WL 642791, at *4 (E.D. Tex. Feb. 28, 2012) (granting defendants' motion for summary judgment on plaintiffs' TDCA claims where "there is no evidence of any damages or that they were caused by any violation of these statutes"); *Naranjo v. Universal Sur. of Am.,* 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010) (noting that "Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [Texas Debt Collection] Act.' "(quoting *Jackson Law Office*, 37 S.W.3d at 30-31)).

Plaintiffs allege a violation of Texas Finance Code § 392.303(a)(2), which prohibits a debt collector from using

> unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

TEX. FIN. CODE § 392.303(a)(2). Plaintiffs allege that Defendant violated Section 392.303(a)(2) by attempting to collect amounts due under the Home Equity Loan because those actions were barred by the statute of limitations. *See* Dkt. No. 22 at 4. As discussed above, the Home Equity Loan was not accelerated in 2011, and the applicable foreclosure limitations period began to run on October 20, 2017, when Defendants filed the Expedited Foreclosure Action. Consequently, Plaintiffs cannot prove that Defendant

-15-

attempted to collect interest or a charge, fee, or expense not expressly authorized by the Deed of Trust. Nor can Plaintiffs prove that they suffered actual, foreseeable damages because no foreclosure has occurred.

    C.    Defendant is entitled to summary judgment on the breach of contract claim.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *see also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012). "A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached," *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014), and once that specific provision is identified, a plaintiff must state how it was breached by alleging enough facts to state a plausible breach-of-contract claim, *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015).

Plaintiffs allege that Defendant breached the Home Equity Agreement and Deed of Trust by waiting too long to file the Expedited Foreclosure Action. *See* Dkt. No. 22 at 4-5. But they do not identify any provision of the Home Equity Agreement or Deed of Trust that they contend was breached. *See id.*

Plaintiff also fail to plead any facts that would allow the Court to conclude that they suffered damages as a result of Defendant's breach of contract. And, because the

-16-

foreclosure sale has not occurred, they cannot establish damages sustained as a result of the alleged breach. *See Maldonado v. Bank of America*, Civil Action No. SA-12-CA-442-FB, 2013 WL 12108679, at *4 (W.D. Tex. June 14, 2013).

      D.      <u>Plaintiffs are not entitled to declaratory or injunctive relief.</u>

Plaintiffs seek a declaratory judgment declaring the promissory note and deed of trust securing the promissory note invalid and any action by Defendant is barred by the expiration of the statute of limitations. *See* Dkt. No. 22 at 3. They also seek injunctive relief restraining Defendant from taking any steps to foreclose on the Property while this suit is pending. *See id.* at 5-7.

"The [federal Declaratory Judgment Act] is a procedural device that creates no substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Payne v. Wells Fargo Bank*, N.A., No. 3:12-cv-5219-M BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (internal quotations and citation omitted) (granting Wells Fargo's motion for summary judgment as to the plaintiff's request for declaratory relief where the Court had determined that summary judgment should be granted with respect to the plaintiff's underlying, substantive claims), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n,* 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action ... that is actually litigated in a declaratory judgment action.").

Similarly, "[u]nder Texas law, a request for injunctive relief 'is not in and of itself

a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ). And, where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. See *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because Plaintiffs have failed to assert any viable claims, Defendant is entitled to summary judgment on the requests for declaratory and injunctive relief.

E.   Plaintiffs abandoned their breach of contract, quiet title, and TDCA claims.

Finally, Plaintiffs have abandoned their claims for suit to quiet title, breach of contract, and violations of the TDCA because they failed to respond to Defendant's specific arguments in its motion for summary judgment demonstrating that those claims fail as a matter of law. *See* Dkt. Nos. 32, 33. "A party's failure to brief an argument in response to a summary judgment motion waives that argument." *Knudsen v. Bd. of Sup'rs of Univ. Of La. Sys.*, No. 14-382, 2015 WL 1757695, at *1 (E.D. La. April 16, 2015).

**Recommendation**

The Court should grant Defendant's Motion for Summary Judgment [Dkt. No. 26]

and dismiss with prejudice Plaintiffs' claims against Defendant Wells Fargo Bank, N.A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE